# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JESSE LEE FAIRCLOTH, *aka* JESSE LEE HOPKINS,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSEN and BRIAN GOOTKIN,<br><br>Respondents. | **CV 23-44-BU-BMM**<br><br>**ORDER** |

Jesse Lee Faircloth ("Faircloth") has filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. Faircloth asks the Court to issue a writ to compel performance of a ministerial act or impose other appropriate constitutional remedy. Faircloth specifically requests that the Court order his transfer out of state. Faircloth expresses various safety concerns with his present incarceration in administrative segregation at Montana State Prison ("MSP"). (*See generally* Doc. 2.) The Court will dismiss Faircloth's petition.

Faircloth has filed a motion to proceed *in forma pauperis*. (Doc. 1.) A review of Faircloth's prisoner trust fund account statement indicates he is unable to pay the

1

costs that may be associated with this action. (*See* Doc. 6.) The Court will grant Faircloth's motion to proceed *in forma pauperis*.

Faircloth is a state prisoner proceeding *pro se*. Concurrently with his state convictions, Faircloth also is serving a 101-month federal sentence. (Doc. 2 at 4); *see also US v. Hopkins*, No. CR-22-108-BLG-SPW, Judg. (entered May 8, 2023). Faircloth alleges that MSP classified him without a hearing and placed him in administrative segregation after he was transferred back to MSP following his federal sentencing. (Doc. 2 at 1.) Faircloth acknowledges that he has significant protective custody and separation issues with other inmates at MSP. He believes that MSP determined his present placement without proper procedure and notice, however, in violation of his right to due process. (*Id.* at 2–8.)

Faircloth alleges that MSP officials abused their discretion in classifying him and placing him in administrative segregation. (*Id.* at 6, 9.) Faircloth further states that his life is in danger, serious threats have been made against him, and that he has been violently assaulted. (*Id.* at 6–8.) Faircloth suffers from mental health issues and contends that his placement in segregation violates a prior agreement reached between MSP and Disability Rights Montana. (*Id.* at 2.) Faircloth argues that the seriousness of his present situation necessitates an immediate out-of-state transfer. (*Id.* at 7.)

A reviewing court must screen any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b)(1),(2).

The federal mandamus statute applies only to *federal* officers and employees, not *state* officers and employees. "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A petition for a writ of mandamus "to compel a state court or official to take or refrain from some action is frivolous as a matter of law." *Demos v. U.S. Dist. Ct.*, 925 F.2d 1160, 1161–62 (9th Cir. 1991); *Givens v. Los Angeles Cnty. Sup. Ct.*, 163 F. App'x 514, 515 (9th Cir. 2006). In addition, the All-Writs Act "does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists." *Malone v. Calderon,* 165 F.3d 1234, 1237 (9th Cir.1999).

Faircloth alleges that the federal mandamus statute provides the source of the Court's authority represents the "proper vehicle" to deliver the relief which he seeks. (Doc. 2 at 10.) Faircloth names MSP Warden, Jim Salmonsen, and Montana Department of Corrections Director, Brian Gootkin as Respondents. Both serve as

state employees. The petition states no grounds on which this Court could grant relief in the form of a writ of mandamus. The Court possesses no jurisdiction to evaluate Faircloth's claim.

Faircloth potentially could state a claim for a violation of due process under the Civil Rights Act, 41 U.S.C. § 1983. The Court expresses no opinion about the merit of Faircloth's claims were they to be asserted under the Civil Rights Act. The claims as currently pled cannot proceed as the basis for a petition for writ of mandamus. The Court also notes that Faircloth currently has a civil rights case pending in which he is challenging the conditions of his confinement at MSP. *See Faircloth v. Salmonsen, et al*., No. CV-23-43-BU-BMM-JTJ, Comp. (filed June 14, 2023).

Faircloth seeks additional time to obtain discovery items. (Doc. 7.) Faircloth's motion will be denied as moot in light of the Court's dismissal of the action.

Accordingly, the Court enters the following:

## ORDER

1. Faircloth's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED.** The Clerk of Court is directed to waive payment of the filing fee.

2. Faircloth's petition is **DISMISSED, without prejudice,** for lack of jurisdiction pursuant to 28 U.S.C. § 1361. The Clerk of Court is directed to close this matter and enter judgment.

3. Faircloth's motion for extension of time for discovery items (Doc. 7) is **DENIED.**

4. The Clerk is directed to have the docket reflect that Faircloth's filing of this action constitutes a strike within the meaning of 28 U.S.C. § 1915(g).

DATED this 11th day of July, 2023.

_____
Brian Morris, Chief District Judge
United States District Court